


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DARREN STEPHEN REYNOLDS,<br><br>        Plaintiff,<br><br>   v.<br><br>ANNA PARK, et al.,<br><br>        Defendants. | Case No. CV 08-7190-GW (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.   Facts and Procedural History

Plaintiff Darren Stephen Reynolds, who is currently incarcerated in the California State Prison in Susanville, California, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on November 26, 2008. Reynolds names the Anna Park, Myuang Park, the City of Inglewood, Police Officer David Frizelle, Detective David Thomas, and numerous Officers John and Jane Doe as Defendants. Reynolds alleges that on October 20, 2007, he called police to report an assault upon him by Myuang Park, who is the owner of the Super Bargain Store in Inglewood, California. Reynolds claims that when police arrived, they instead took him into custody. After complaining

that he was the victim, Reynolds was allegedly released and told to leave. Reynolds walked by Park and made a comment about contacting a lawyer. Reynolds claims that Park told Frizelle what had been said and that Frizelle grabbed Plaintiff, threw him to the ground and placed him in handcuffs. Does 1-5 then allegedly kicked and punched Reynolds before placing him under arrest for robbery, a charge Reynolds claims was manufactured. Reynolds asserts that the Los Angeles County District Attorney declined prosecution and that he was subsequently found not to have violated his parole based upon the same allegations. Plaintiff claims that the Defendants violated his Fourth Amendment rights against unreasonable seizures, false arrest and malicious prosecution. He seeks $10,000,000.00 in damages.

## II. Discussion and Analysis

### A. Duty to Screen.

The Court has screened the complaint for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See*

1 | *Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir.
2 | 1988). Moreover, in determining whether a complaint states a claim
3 | on which relief may be granted, allegations of material fact are
4 | taken as true and construed in the light most favorable to the
5 | Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.
6 | 1989).

### B. **Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against the City of Inglewood.**

To establish municipal under § 1983, a plaintiff must identify the policy or custom which caused the constitutional deprivation. *Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978). A governmental entity cannot be held liable under § 1983 for an injury caused solely by its agents or employees based on a theory of respondeat superior or vicarious liability. *Id*. Only when the execution of the government's policy or customs inflicts the constitutional injury may a governmental entity be held liable under § 1983. *Id*., at 694. Additionally, the plaintiff must establish that the governmental entity, through its deliberate conduct, was the moving force behind the injury or harm suffered and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *See Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997).

Here, Plaintiff has failed to allege a cause of action against the City of Inglewood. He has failed to demonstrate that any injury he suffered was the result of an unconstitutional policy of custom of the city. Indeed, all he has alleged is that the city employed the police officer defendants. Accordingly, the City of Inglewood should be dismissed as a Defendant.

### C. The Complaint Fails to State a Valid Cause of Action Against Myuang Park or Anna Park.

In order to state a claim under § 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *West v. Adkins*, 487 U.S. 42, 48 (1988); *Karim-Pahahi v. Los Angeles Police Department,* 839 F.2d 621, 624 (9th Cir. 1988). The complaint must also allege in specific terms how each defendant is involved in the acts giving rise to the cause of action. There can be no liability under 42 U.S.C. § 1983 unless there is an affirmative link or connection between the defendants' actions and the claimed deprivations. *Rizzo v. Goode,* 423 U.S. 362, 372-73 (1976); *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

Plaintiff has failed to state a claim against Myuang Park or Anna Park under 42 U.S.C. § 1983 because there is no evidence of any conduct committed under color of state law. The Parks are identified a private citizens who own the Super Bargain Store in Inglewood. Most rights secured by the Constitution are protected only against infringements by the government. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936(1982). As noted, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant deprived him of his constitutional rights and that the defendant acted under the color of state law. *See Miranda v. Clark County*, 279 F.3d 1102, 1106 (9th Cir. 2002). "In certain circumstances, a litigant may seek damages under 42 U.S.C. § 1983 from a private party where the private party engaged in state action under color of law and thereby deprived

4

a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States". *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 1992). However, the facts alleged do not show that this is one of those circumstances.

D.  **Plaintiff Has Stated a Claim Upon Which Relief May be Granted Against Officer Frizelle, Detective Thomas and the Doe Defendants.**

To the extent that Plaintiff is alleging that he was assaulted and arrested without probable cause by Defendant Frizelle and the Doe Defendants, and that he was maliciously prosecuted by Frizelle and Thomas, he has arguable stated a claim upon which relief may be granted and is entitled to service or process against those Defendants on these allegations.

**III. Conclusion**

For the reasons stated above, the complaint is **DISMISSED** in part, with leave to amend.

It is hereby **ORDERED**:

1. Defendants City of Inglewood, Anna Park and Myuang Park are **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

2. Plaintiff has until January 5, 2009, to file a first amended complaint that remedies the defects identified in this Order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2. Any amended complaint must bear the docket number in this case and must be labeled "First Amended Complaint."

3. If Plaintiff fails to timely file a first amended complaint,

or if the amended complaint fails to properly plead a cause of action against the defendants dismissed in this Order, Plaintiff is advised that the action against the City of Inglewood and the Parks will be subject to dismissal with prejudice for failure to diligently prosecute or failure to state a claim, or both. Service will be ordered as to the remaining named defendants, against whom Plaintiff has stated a viable claim.

    4. The Court's deputy clerk shall serve on Plaintiff a copy of this Order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Plaintiff chooses to continue prosecuting this action against the defendants dismissed in this Order, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. Plaintiff may only write one sentence per line provided. He must submit any amended complaint in writing large enough to be read. He may, however, attach additional pages, not to exceed 10 pages, to detail his allegations, if necessary.

**SO ORDERED.**

Dated: December 11, 2008

_____
Marc L. Goldman
United States Magistrate Judge