O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DARREN STEPHEN REYNOLDS,<br><br>    Plaintiff,<br><br>    v.<br><br>ANNA PARK, et al.,<br><br>    Defendants. | Case No. CV 08-7190-GW (MLG)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

## I. Facts and Procedural History

Plaintiff Darren Stephen Reynolds, who is currently incarcerated in the California State Prison in Susanville, California, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on November 26, 2008. Reynolds named Anna Park, Myuang Park, the City of Inglewood, Police Officer David Frizelle, Detective David Thomas, and numerous Inglewood Police Officers John and Jane Doe as Defendants. Plaintiff alleged that on October 20, 2007, he called police to report an assault upon him by Myuang Park, who is the owner of the 99 Cent Store in Inglewood, California. He claims that when police arrived, they instead took him into custody. After complaining that he was the victim, Plaintiff Reynolds was allegedly released and told to leave. Reynolds says that he walked by Park and made a

comment about contacting a lawyer. Reynolds claims that Park told Frizelle what Reynolds had said and that Frizelle grabbed Plaintiff, threw him to the ground and placed him in handcuffs. Does 1-5 then allegedly kicked and punched Reynolds before placing him under arrest for robbery, a charge Reynolds claims was manufactured.

It appears from the complaint that a robbery prosecution was declined on the recommendation of Defendant David Thomas, a detective employed by the Inglewood Police Department, and that Plaintiff was subsequently found not to have violated his parole based upon the same allegations. Plaintiff claims that the Defendants violated his Fourth Amendment rights against unreasonable seizures, false arrest and malicious prosecution. He seeks $10,000,000.00 in damages.

On December 12, 2008, the Court screened the complaint prior to ordering service of process, pursuant to the requirements of 28 U.S.C. § 1915(e)(2). After doing so, the complaint was dismissed with leave to amend as to the Anna Park, Myuang Park, and the City of Inglewood. It was found that Plaintiff had stated a viable cause of action against Defendants Thomas and Frizelle.

On February 9, 2009, Plaintiff filed a first amended complaint naming only the City of Inglewood, the Inglewood Police Department, Officer Frizelle and Detective David Thomas as Defendants. In the first amended complaint, Plaintiff again alleges that Frizelle and other unidentified officers arrested him without probable cause and that the arresting officers used unreasonable force while effecting the arrest. He further claims that Detective Thomas violated his rights by booking him on a manufactured robbery charge which was never prosecuted. It is further alleged that the City of Inglewood has a policy and practice of allowing its police officers to violate

the civil rights of citizens and that the City has failed to train or supervise its police officers. That complaint was ordered served upon the named Defendants. On March 2, 2009, after service was ordered, it was learned that Officer Frizelle had died.[1] Defendants City of Inglewood and Officer Thomas filed an answer and a case management and scheduling order was issued on April 17, 2009.

On December 6, 2009, following the close of the time for discovery, Defendants filed a motion for summary judgment. Defendants claim that there is no genuine issue of material fact as to whether there was probable cause for Plaintiff's arrest or whether unreasonable force was used during the arrest. Defendant Thomas claims that he played no part in Plaintiff's arrest, but rather conducted a post-arrest investigation into the alleged crime. Thomas notes that he determined that the facts would not support a robbery charge and recommended that Plaintiff be charged with a misdemeanor petty theft. Finally, the City of Inglewood and the Police Department contends that Plaintiff has failed to demonstrate that any alleged constitutional violation occurred, and if it did, was the result of the municipality's failure to train and supervise.

On December 8, 2009, the Court issued an order directing Plaintiff to file an opposition to the motion for summary judgment no later than January 6, 2010. Plaintiff failed to do so and the matter is ready for decision.

//

//

---

[1] Assuming that the cause of action survived Frizelle's death, *see* Cal.Civ.Proc.Code § 377.20, *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978), no motion for substitution was filed within the time allowed by Fed.R.Civ.P. 25(a), and the action against Frizelle must be dismissed.

## II. <u>Standard of Review</u>

Summary judgment is appropriate if, viewing the evidence in a light most favorable to the nonmoving party, the Court determines that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). Material facts are those that affect the outcome of the case. *Anderson*, 477 U.S. at 248; *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The court does not weigh the evidence, but only determines if there is a genuine issue for trial. *Menotti v. City of Seattle*, 409 F.3d 1113, 1120 (9th Cir. 2005).

The moving party bears the initial burden of establishing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party presents sufficient evidence or argument to support the motion, the burden shifts to the adverse party to set forth specific facts showing a genuine triable issue. Fed. R. Civ. P. 56(e). The nonmovant must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Rule 56(e)); *see also Anderson*, 477 U.S. at 257.

Conclusory allegations are insufficient to withstand a motion for summary judgment. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that

4

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "'If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" *Hardage v. CBS Broad. Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 55 (2006)(*quoting Anderson*, 477 U.S. at 249-50).

### III. Discussion

#### A. Plaintiff Has Failed to Demonstrate the Existence of a Genuine Issue of Material Fact on His Fourth Amendment Claim Against Detective Thomas

Plaintiff contends that Defendant Thomas violated his Fourth Amendment rights by conspiring with the other officers to use excessive force in arresting him, by racially profiling him, and by falsely accusing and imprisoning him. A review of the record demonstrates that there is no genuine issue of material fact as to whether Thomas is liable for any violation of Plaintiff's Fourth Amendment and that summary judgment should be entered in favor of Thomas.

The uncontested facts show that Detective Thomas was not present at the time of Plaintiff's arrest. Officers Keith Rankins and Ethan Siddell who, along with Officer Frizelle, arrested Plaintiff on October 25, 2007, have filed declarations in support of the motion for summary judgment. Rankins and Siddell state that on October 25, 2007, they responded to a radio call concerning a robbery in progress

5

at the 99 Cent Store in Inglewood. Upon arriving, they observed a subject who matched the description of the purported robber, and who was later identified as Plaintiff. Frizelle arrived shortly thereafter. It appears that owner of the store, presumably Mr. Park, informed the officers that Plaintiff had entered the 99 Cent Store, took a pair of socks and attempted to leave without paying. Park attempted to stop Plaintiff from leaving the store and a struggle took place. Plaintiff dropped the socks and left the store.

The officers placed Plaintiff under arrest for robbery. Cal. Penal Code § 211. Both Rankins and Siddell state that no force was used to restrain Plaintiff at the time of his arrest. They also state that Plaintiff never complained about excessive force being used. After Plaintiff's arrest, his name was run through the criminal database and it was discovered that he was on parole. Contact was made with Plaintiff's parole officer, and a parole hold was placed on Plaintiff. Neither arresting officer had any further contact with Plaintiff after he was booked.

Detective Thomas states in his declaration that in October 2007, he was working in the robbery unit of the City of Inglewood Police Department. On October 25, 2007, he was assigned the case arising from the arrest of Darren Reynolds. He reviewed the arrest reports, interviewed the store owner,[2] and spoke with Plaintiff's parole officer. After speaking with the parole officer, he learned that a parole hold would be placed on Plaintiff for failure to report.

---

[2] The store owner stated that when he confronted Plaintiff about the socks, Plaintiff claimed that he had paid for them on the previous day, but had not taken them with him. Mr. Park explained to Plaintiff that he had taken socks with him the previous day, and was required to pay for those not yet purchased.

6

Thomas interviewed Plaintiff at the jail. Plaintiff told him that he had purchased socks from the 99 Cent Store on the previous day but had left without taking them. The next day, without talking with the store owner, he went back into the store, retrieved another pair of socks, and attempted to leave with them. When confronted by the store owner, he put the socks down, but the owner attacked him. Plaintiff also told Thomas that he had been up for five straight days because of cocaine use. Thomas states that he did not use physical force against Plaintiff at any time.

Thomas concluded that the facts would not support a robbery prosecution under Cal. Penal Code § 211, because any physical force used by Plaintiff against Park was motivated only by his intent to flee, not by an intent to steal the merchandise. Thomas submitted the case for prosecution to the Inglewood City Attorney for prosecution on a misdemeanor charge of petty theft.

Thomas states that he also appeared at Plaintiff's parole revocation hearing. At the hearing, Thomas was asked by the hearing officer whether Plaintiff had committed the crime of burglary on October 25, 2007. Thomas responded that in his opinion, Plaintiff had not committed the crime of burglary. Thomas notes in his declaration that he investigated the crime as a robbery, which he felt had not been committed, but that he believed that Plaintiff had committed a petty theft, a question which was never asked at the parole revocation hearing. Thomas is not aware of the outcome of the parole revocation hearing and was never involved with Plaintiff again. Thomas's declaration establishes that he was not involved in the arrest of Plaintiff, did not have any contact with Plaintiff until after he was booked, did not conspire with any other officer to

detain Plaintiff on any charge, and played no part in having a parole hold placed on Plaintiff, other than contacting the parole agent.[3]

Plaintiff has failed to present specific facts showing a genuine issue for trial with respect to Thomas. As noted, Plaintiff has not filed an opposition to the motion for summary judgment and the complaint was neither verified nor signed under the penalty of perjury.[4] Even if the facts alleged in the complaint were considered true, the uncontested facts show that Thomas played no part in the arrest of Plaintiff, but was assigned the case later in his role as the investigating detective. None of allegations concerning lack of probable cause for arrest or the use of unreasonable force in effecting the arrest apply to Thomas.

Moreover, the facts show that Thomas did nothing which would give rise to a claim for malicious prosecution. It has not been established that Plaintiff was ever prosecuted for any conduct arising out of this incident. It is apparent that no robbery charge was ever brought, and it appears that no petty theft charge was brought either. The complaint indicates that Plaintiff was found not to have violated parole and was released after the parole hearing without additional charges being brought. Absent an underlying constitutional violation, Plaintiff's section 1983 claim for malicious prosecution fails. *Albright v. Oliver*, 510 U.S. 266, 270-71

---

[3] It is unclear whether the misdemeanor charge was ever filed or whether Plaintiff was found to have violated parole.

[4] A verified complaint may be used as an opposing affidavit under Rule 56. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

(1994).[5]

Accordingly, there is no genuine issue of material fact as to whether Detective Thomas violated Plaintiff's constitutional rights. Accordingly, Thomas is entitled to judgment as a matter of law.

**B. Plaintiff Has Failed To Create a Genuine Issue of Material Fact with Respect of his Claims Against the City of Inglewood and its Police Department.**

To establish municipal liability under § 1983, a plaintiff must identify the policy or custom which caused the constitutional deprivation. *Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978). A governmental entity cannot be held liable under § 1983 for an injury caused solely by its agents or employees based on a theory of respondeat superior or vicarious liability. *Id.* Only when the execution of the government's policy or customs inflicts the constitutional injury may a governmental entity be held liable under § 1983. *Id.*, at 694. Additionally, the plaintiff must establish that the governmental entity, through its deliberate conduct, was the moving force behind the injury or harm suffered and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *See Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997).

Here, Plaintiff has failed to create a genuine issue of material

---

[5] Moreover, generally a malicious prosecution claim cannot be brought under section 1983 if an adequate remedy exists under state law. *Albright v. Oliver*, 510 U.S. at 284; see also *Johnson v. Barker*, 799 F.2d 1396, 1400 (9th Cir. 1986); *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) ("malicious prosecution generally does not constitute a deprivation of liberty without due process of law and is not a federal constitutional tort if process is available within the state judicial systems to remedy such wrongs"); accord *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir.1981).

fact as to the liability of the City of Inglewood of the Inglewood Police Department. The exoneration of arresting officers on a claim of excessive force "precludes municipal liability for the alleged unconstitutional use of such force". *Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Rasmussen v City of Redondo Beach*, 2008 WL 4450322 (C.D. Cal. 2008). Because Plaintiff has failed to create a genuine issue of material fact as to whether his Fourth Amendment rights were violated in the course of his arrest by the use of excessive force, there can be no liability on the part of the city.

The same principle applies to the allegations of an illegal arrest. The unrebutted declarations of Officers Siddell and Rankins show that there was probable cause for Plaintiff's arrest. "A police officer has probable cause to arrest a suspect without a warrant if the available facts suggest a 'fair probability' that the suspect has committed a crime." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006) (citing *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 (9th Cir. 2002)). Plaintiff was arrested after dispatch informed the officers that there had been a robbery at the 99 Cent Store by an individual matching Plaintiff's description. Mr. Park identified Plaintiff as the person who took a pair of socks without paying for them and then used force to exit the store.

On these uncontested facts, Petitioner's arrest was not unreasonable under the Fourth Amendment, because the officers had probable cause to believe that Plaintiff had committed a criminal offense. *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)("[T]he facts and circumstances within their knowledge and of which they had

reasonably trustworthy information were sufficient to warrant a prudent man believing that the petitioner had committed or was committing an offense.")

Even assuming that Plaintiff had established a genuine issue of fact with respect the causes of action relating to the individual defendants, he has produced no evidence that the City or police department have an inadequate training program or inadequate supervision program for its police officers. Defendants have established that the City of Inglewood instituted and had in place a training program for its police officers in the appropriate means for apprehending suspects prior to the alleged incident, and that Defendants Rankin and Siddell were trained in this program. In support of their motion for summary judgment, Defendants attach the declaration of Lt. Mark Fried, a police officer with the Inglewood Police Department and Administrative Services Bureau Adjutant for the department. Lt. Fried states that Detective Thomas and the two patrol officers have all received training in use of force, arrest methods, defensive tactics, cultural diversity and anti-discrimination.

Lt. Marie DiBernardo, an internal affairs officer, has also filed a declaration relating to the internal policies of the City of Inglewood Police Department. She states that the city has in effect a "Law Enforcement Code of Ethics," general orders relating to professional conduct and responsibilities, and a disciplinary system which prohibits misconduct by police officers. In addition, the city has policies relating to the use of force, written documentation of when force is used, and arrests without warrants. All of these policies and protocols have been lodged with the Court and specifically prohibit the intentional misconduct that Plaintiff

alleges occurred in this case.

Plaintiff has produced no evidence to materially dispute Defendants' affirmative evidence that the City of Inglewood and its police department adequately train and supervise its police officers in apprehending and arresting suspects. Indeed, Plaintiff rests only upon the conclusory allegations contained in his first amended complaint. He has failed to demonstrate that any constitutional injury he suffered was the result of an unconstitutional policy of custom of the city. All he has alleged is that the city employed the police officer defendants. This does not give rise to municipal liability. *Monell*, 436 U.S. at 691-92. Accordingly, for all of these reasons, the City of Inglewood and the Inglewood Police Department should also be dismissed as a Defendants.

**IV. Conclusion**

For the reasons stated above, it is recommended that Defendants' motions for summary judgment be **GRANTED** and that this matter be dismissed with prejudice.

Dated: February 2, 2010

_____
Marc L. Goldman
United States Magistrate Judge